IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RANDALL WILLIAM NOWILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 112-154 |
| | ) |
| DONALD BARROW, Warden, and | ) |
| SAMUEL S. OLENS, Attorney General of | ) |
| the State of Georgia, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 9).[1] Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge found the petition to be untimely because it was filed after the expiration of the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. no. 4.) In particular, the Magistrate Judge found that, because over three years elapsed between Petitioner's convictions becoming final in January of 2005 and the filing of his state habeas corpus petition in 2009,[2] the one-year limitations period provided for in

---

[1] Petitioner requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 7, 8.)

[2] As the Magistrate Judge noted in the R&R, Petitioner did not provide the date he filed his state habeas corpus petition, but he provided the case number, "2009-CV-121," indicating that it was filed sometime in 2009. (Doc. no. 4, p. 2 n.2 (citing doc. no. 1, p. 3).) Petitioner now alleges that he filed his state habeas corpus petition on December 23, 2008. (Doc. no. 9, p. 2.) This has no bearing on the Magistrate Judge's analysis, however, as he concluded that the one-year limitations period expired in January of 2006. (See doc. no. 4, p. 5.)

§ 2244(d)(1) expired prior to the filing of his state habeas petition and well before Petitioner filed the instant action in October of 2012.[3] (Id. at 3-5.)

Now that the Magistrate Judge has identified the issue of the timeliness of the instant § 2254 petition, Petitioner has returned with new information in his objections. Petitioner first contends that the limitations period for his § 2254 petition should be triggered by the date he discovered certain new evidence rather than the date his conviction became final. Petitioner next asserts that the limitations period should be equitably tolled. Finally, Petitioner claims that he qualifies for the "actual innocence" exception to the barring of untimely § 2254 petitions. The Court will address each of these in turn.

Petitioner first contends that the limitation period for his § 2254 petition should be triggered by the date he "newly discovered" several items of evidence, including a witness named Caroline Hall, the testimony of jurors, unspecified "video tapes," and a medical report. (See doc. no. 9, p. 11.) As the Magistrate Judge explained (see doc. no. 4, p. 5), § 2244(d)(1)(D) does provide that a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence may provide the trigger date for the limitations period. To that end, regardless of when the petitioner actually discovered the evidence, "the only relevant inquiry is whether the petitioner could have discovered the evidence at an earlier date." Frederick v. Sec'y Dep't of Corrs., 481 F. App'x 472, 474 (11th Cir. 2012), cert. denied, No. 12-7062, 2013 WL 57427 (U.S. Jan. 7, 2013).

---

[3]As noted in the R&R, pursuant to § 2244(d)(2), the statute of limitations does not run during the pendency of a properly filed application for state post-conviction relief. However, when the statute of limitations expires prior to the filing of the state application for post-conviction relief, as is the case here, the filing of the state action does not save the § 2254 petition from being time barred. (See doc. no. 4, p. 5 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).)

2

Here, Petitioner has failed to show that the discovery of this evidence provides a basis for resetting the statute of limitations. For example, Petitioner claims that the testimony of jurors about the trial judge's improper charge and unspecified "video tapes" which were admitted at trial are "newly discovered" evidence supporting his claims. (Doc. no. 9, p. 11.) Yet this evidence relates to occurrences at trial (see id. at 6, 9, 10), meaning Petitioner was on notice of the factual predicate of any claims associated with those events before the date of his conviction, regardless of any evidence he may have later gathered.[4] The same reasoning extends to Petitioner's location of a witness named Caroline Hall during his habeas corpus investigation. (Id. at 11.) Petitioner states that his "trial attorney wanted to interview her," meaning he knew of the existence of this witness at the time of his trial. (Id. at 7.) Moreover, while Petitioner makes the conclusory allegation that the prosecution "hid[]" this witness from defense counsel, he also reports that when he hired an investigator to locate the witness while preparing his state habeas petition, he was able to find her. (Id.) Thus, Petitioner has not provided any basis for resetting the statute of limitations under § 2244(d)(1)(D) with his discussion of this "newly discovered" evidence, because he fails to show why this evidence could not have been discovered earlier with the exercise of due diligence.[5]

Petitioner next contends that the limitation period for his § 2254 petition should be equitably tolled because his state habeas corpus attorneys were "judge shopping" and delayed filing his state habeas corpus petition. (Doc. no. 9, p. 13.) In support of this claim, Petitioner

---

[4]Indeed, Petitioner raised claims concerning the impropriety of the charge given to the jury and the admission of the unredacted video tape of the victim's testimony on direct appeal. See Nowill v. State, 609 S.E.2d 188, 191-92, 192-93 (Ga. Ct. App. 2005).

[5]Petitioner also references a "medical report." (See doc. no. 9, p. 11.) Petitioner does not describe the content of this "report," however, nor does he explain how it supports any of his claims or why it could not have been discovered earlier through the exercise of due diligence.

3

attaches letters he received from his attorneys in February and August of 2006 and June of 2008 in which they updated him about the status of his case.[6] (See id. at 20-23.) As noted by the Magistrate Judge (see doc. no. 4, p. 6), the petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Notably, when a petitioner asserts that his attorneys were responsible for his failure to file his federal petition in a timely manner, he must allege "serious attorney misconduct" in order to be entitled to equitable tolling. Holland, 130 S. Ct. at 2564 (remanding to lower court to consider equitable tolling issue where attorney failed to inform petitioner about fact that his case had been ruled on by state's highest court, ignored repeated letters from petitioner advising him to be mindful of the limitations period for filing a federal habeas corpus petition, and failed to communicate with his client for a period of years). On the other hand, mere attorney negligence, such as a miscalculation of the limitations period, does not constitute an "extraordinary circumstance" entitling a petitioner to equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (attorneys' miscalculation of filing deadline based on misunderstanding of applicable law did not entitle petitioner to equitable tolling). Similarly, asserting that "counsel did not file promptly enough" falls short of establishing the "serious attorney misconduct" detailed in Holland. See Chavez v. Sec'y Florida Dept. of Corr., 647 F.3d 1057, 1071 (11th Cir. 2011), cert. denied, 132 S. Ct. 1018 (2012) (petitioner did not show

---

[6]These letters are apparently in response to letters Petitioner sent to his attorneys (see doc. no. 9, pp. 20-23), but he does not submit copies of the letters he sent.

4

serious attorney misconduct by alleging that attorney sought and received two extensions of time to file state post-conviction motion).

Here, Petitioner has alleged that his attorneys delayed in filing his state habeas corpus petition in order to "shop" for a favorable judge. (Doc. no. 9, p. 13.) Petitioner thus falls squarely in line with the petitioner in Chavez, who alleged that his attorney took too long to file for state relief, but failed to otherwise show the more egregious conduct detailed in Holland. See Chavez, 647 F.3d at 1071. On that basis alone, Petitioner has failed to show that equitable tolling is appropriate in this case. See id. ("In virtually every case where the issue of equitable tolling comes up one or more attorneys should have acted with more dispatch, but more than that is required.")

Moreover, even assuming the attorneys' conduct here constituted the requisite "exceptional circumstances," a petitioner seeking equitable tolling must also exercise diligence. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 130 S. Ct. at 2565 (internal quotation marks and citations omitted). In particular, when his attorneys are failing to take action toward filing for state post-conviction relief, a petitioner must show that he exercised some effort in pursuit of his rights. See Holland, 130 S. Ct. at 2565 (district court erred in finding petitioner had not exercised due diligence where he "wrote his attorney numerous letters seeking crucial information and providing direction" and "also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association" to have the attorney removed); cf. Chavez, 647 F.3d at 1072 (petitioner failed to establish due diligence in face of attorney's inaction where petition did not indicate that he "ever urged [the attorney] to file a motion for post-conviction relief, or to do so more

5

quickly, or that [petitioner] ever attempted to contact the state court about his case during that time, or that he ever attempted to have [the attorney] removed.").

Here, Petitioner has failed to show he exercised reasonable diligence. Even if the letters from his attorneys show that Petitioner sporadically inquired about the status of his case, Petitioner does not indicate that he took any other action in light of his attorneys' apparent delay. Unlike the petitioner in Holland, Petitioner did not seek relief from the state courts or anywhere else to obtain different counsel, nor did he make any effort toward filing his state petition himself. Cf. 130 S. Ct. at 2565. Rather, like the petitioner in Chavez, Petitioner simply complied with his attorneys' chosen course of conduct, despite the apparent delay. Petitioner's passive reliance on counsel falls well short of establishing reasonable diligence in pursuit of his rights. See 647 F.3d at 1072. Accordingly, Petitioner has not established that equitable tolling is appropriate in this case.

Finally, Petitioner contends that he is entitled to the benefit of the "actual innocence" exception to the barring of untimely § 2254 petitions. (Doc. no. 9, pp. 14-15.) As the Magistrate Judge explained (see doc. no. 4, p. 7), consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985). The actual innocence exception "is exceedingly narrow in scope," Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), however, and, to support such a claim, "a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" Rozzelle v. Fla.

6

Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012) (*per curiam*) (quoting Schlup, 513 U.S. at 327)).

Here, Petitioner contends that he qualifies for the exception because some jurors stated that they felt they were "forced into making a decision," and that the jury "would have possibly acquitted Petitioner of all charges had the Judge not commented as to his decision." (Doc. no. 9, p. 15.) Notably, Petitioner does not present any statements by jurors, in the form of affidavits or otherwise. Even so, Petitioner has not carried his burden to present *new evidence* compelling the conclusion that "more likely than not that no reasonable juror would have convicted him."[7] Rozzelle, 672 F.3d at 1017 (internal quotation marks omitted). Accordingly, Petitioner has not shown in his objections that the actual innocence exception saves the instant petition from being time-barred.

Petitioner's remaining objections are likewise without merit and provide no basis for departing from the Magistrate Judge's recommendation. Thus, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant § 2254 petition is **DISMISSED**.

---

[7] The Court is aware that Petitioner has submitted two purported statements of the victim as exhibits. (See doc. no. 9, pp. 29, 37.) While Petitioner claims elsewhere in his objections that the victim gave inconsistent statements (see id. at 7), he fails to explain how they are inconsistent or, more importantly, how any such inconsistencies purport to show that Petitioner is in fact innocent of the offenses for which he was convicted. Similarly, while Petitioner alleges that a witness named Caroline Hall would have substantiated his claim that the victim "was only mad and lying on Petitioner," (id. at 11), he presents no evidence to support this assertion, such as an affidavit from this witness. Moreover, even if he had, such evidence would be unlikely to meet the high threshold of showing actual innocence. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir.), *cert. denied*, 555 U.S. 988 (2008) (proffered new evidence, including "affidavit from a woman claiming the victim told her that she 'made up' the fact that [petitioner] had beaten her," was of "questionable worth" and failed to meet petitioner's burden of demonstrating actual innocence of domestic violence offense).

7

Furthermore, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[8] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 8th day of February, 2013, at Augusta, Georgia.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

---

[8]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

8